1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GABRIELA CISNEROS,

             Plaintiff,

   v.

JENNIFER ESPINOZA,

             Defendant.

Case No. 2:24-cv-08365-FMO (PVC)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER**

**INTRODUCTION**

On September 27, 2024, Plaintiff filed a Complaint and a Request to Proceed in Forma Pauperis ("IFP request"). (ECF Nos. 1, 3.) In the Complaint, Plaintiff alleged that Defendant violated her constitutional rights and the Fair Labor Standards Act by failing to pay her for performed work. (ECF No. 1.)

On October 24, 2024, the Court postponed a ruling on Plaintiff's IFP request for 30 days. (ECF No. 8.) Specifically, Plaintiff was ordered to file an Amended Complaint curing the pleading deficiencies of her original Complaint, which had failed to state a claim on which relief may be granted. (*Id.*) The Order warned Plaintiff that her failure to comply within thirty days would result in dismissal of the action. (*Id.*)

As of this date, more than thirty days later, Plaintiff has not filed an Amended Complaint or otherwise communicated with the Court.

## DISCUSSION

### A. Legal Standard.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R. Co*., 370 U.S. 626, 631 (1962). Specifically, the failure of a plaintiff to comply with a district court's order to file an amended complaint is properly met with the sanction of dismissal under Rule 41(b). *Applied Underwriters, Inc., v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases). "Under Ninth Circuit precedent, when a plaintiff fails to amend [her] complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999).

"[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 986 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). A district court's sanction of dismissal generally will be affirmed where at least four factors support dismissal or where at least three factors strongly support it. *Hernandez*, 138 F.3d at 399. As stated below, four of the five factors support dismissal.

### B. Analysis.

#### 1. The Public's Interest in Expeditious Resolution.

The first factor supports dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

1

### 2.    The Court's Need to Manage Its Docket

2    The second factor also supports dismissal.  Plaintiff's failure to respond to

3    the Court's Order interferes with the Court's ability to manage its docket.  *See*

4    *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the

5    best position to determine whether the delay in a particular case interferes with

6    docket management and the public interest.  Arguably, Pagtalunan's petition has

7    consumed some of the court's time that could have been devoted to other cases on

8    the docket.") (internal citation omitted); *see also Irvin v. Madrid*, 749 F. App'x

9    546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the

10    district court is in the best position to determine whether a particular set of

11    circumstances interferes with docket management.").

12

### 3.    The Risk of Prejudice to Defendants.

13    The third factor also supports dismissal.  The risk of prejudice is "related to the

14    plaintiff's reason for defaulting in failing to timely amend."  *Yourish*, 191 F.3d at

15    991.  The record suggests no apparent reason for Plaintiff's failure to comply with or

16    respond to the Court's Order.  This indicates sufficient prejudice to Defendant.  *See*

17    *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law

18    presumes injury to the defendants from unreasonable delay).

19

### 4.    The Public Policy Favoring Disposition of the Merits.

20    The fourth factor weighs against dismissal.  "We have often said that the

21    public policy favoring disposition of cases on their merits strongly counsels against

22    dismissal."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460

23    F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399).  On the other

24    hand, "this factor lends little support to a party whose responsibility it is to move a

25    case toward disposition on the merits but whose conduct impedes progress in that

26    direction."  *Products Liability Litigation*, 460 F.3d at 1228 (citations and quotation

27    marks omitted).  Thus, this factor alone does not preclude dismissal.

28    \\

3

**5. The Availability of Less Drastic Alternatives.**

The fifth factor supports dismissal. "Here the fact that the [Court] allowed [Plaintiff] an additional thirty days to amend [her] complaint . . . constituted an attempt at a less drastic sanction than outright dismissal." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court also warned Plaintiff that the failure to comply with the Court's Order to amend her Complaint would result in dismissal. *See Products Liability Litigation*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citing, *inter alia*, *Ferdik*, 963 F.2d at 1262 ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Despite the Court's warning, Plaintiff has failed to file an Amended Complaint.

**C. Conclusion.**

Four of the five factors support dismissal of the action for failure to comply with an Order of the Court. Moreover, the severity of the sanction is lessened because the dismissal is without prejudice rather than with prejudice, thereby "giving the plaintiff an opportunity to return and prosecute [her] claims another day." *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984). In sum, dismissal without prejudice is warranted.

**ORDER**

It is ordered that the action is dismissed without prejudice. Fed. R. Civ. P. 41(b).

DATED: November 7, 2024

/s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

4